DANIEL G. BOGDEN
United States Attorney
Nevada Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
Email: Daniel.Hollingsworth@usdoj.gov
Counsel for the United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>$1,334,212.31 IN UNITED STATES CURRENCY,<br><br>          Defendant. | 2:08-CV-445-LRH (GWF) |

**SETTLEMENT AGREEMENT, STIPULATION FOR ENTRY OF JUDGMENT OF FORFEITURE AS TO RICHARD TAVANO, JAMES SCOTT, LOUIS TAVANO, AND JACKTRADE, LLC, AND ORDER**

The United States of America ("United States"), by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Daniel D. Hollingsworth, Assistant United States Attorney, and Richard Tavano, James Scott, and Louis Tavano and Jacktrade, LLC, and their counsel, Thomas F. Pitaro, Peter S. Christiansen, and Richard A. Wright, respectively, stipulate as follows:

        1. This case is a civil forfeiture action seeking to forfeit $1,334,212.31 in United States Currency under Title 18, United States Code, Sections 981(a)(1)(A), 981(a)(1)(C), and 1955(d); and Title 31, United States Code, Section 5317(c)(2).

2. Richard Tavano, James Scott, Louis Tavano, and Jacktrade, LLC, knowingly and voluntarily agree to the the civil judicial forfeiture of the $1,334,212.31 in United States Currency.

3. Richard Tavano, James Scott, Louis Tavano, and Jacktrade, LLC, knowingly and voluntarily agree to forfeit the $1,334,212.31 in United States Currency to the United States.

4. Richard Tavano, James Scott, Louis Tavano, and Jacktrade, LLC, knowingly and voluntarily agree to relinquish all right, title, and interest in the $1,334,212.31 in United States Currency.

5. Richard Tavano, James Scott, Louis Tavano, and Jacktrade, LLC, knowingly and voluntarily agree to waive their right to any civil judicial forfeiture proceedings ("proceedings") concerning the $1,334,212.31 in United States Currency .

6. Richard Tavano, James Scott, Louis Tavano, and Jacktrade, LLC, knowingly and voluntarily agree to waive service of process of any and all documents filed in this action or any proceedings concerning the $1,334,212.31 in United States Currency arising from the facts and circumstances of this case.

7. Richard Tavano, James Scott, Louis Tavano, and Jacktrade, LLC, knowingly and voluntarily agree to waive any further notice to them, their agents, or their attorneys regarding the forfeiture and disposition of the $1,334,212.31 in United States Currency.

8. Richard Tavano, James Scott, Louis Tavano, and Jacktrade, LLC, knowingly and voluntarily agree not to file any claim, answer, petition, or other documents in any proceedings concerning the $1,334,212.31 in United States Currency.

9. Richard Tavano, James Scott, Louis Tavano, and Jacktrade, LLC, knowingly and voluntarily agree to withdraw any claims, answers, counterclaims, petitions, or other documents they filed in any proceedings concerning the $1,334,212.31 in United States Currency.

10. Richard Tavano, James Scott, Louis Tavano, and Jacktrade, LLC, knowingly and voluntarily agree to waive the statute of limitations, the CAFRA requirements, Fed. R. Civ. P. Supp.

. . .

Rule A, C, E, and G, the constitutional requirements, and the constitutional due process requirements of any forfeiture proceedings concerning the $1,334,212.31 in United States Currency.

11. Richard Tavano, James Scott, Louis Tavano, and Jacktrade, LLC, knowingly and voluntarily agree to waive their right to a trial on the forfeiture of the $1,334,212.31 in United States Currency.

12. Richard Tavano, James Scott, Louis Tavano, and Jacktrade, LLC, knowingly and voluntarily agree to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine or cruel and unusual punishments in any proceedings concerning the $1,334,212.31 in United States Currency.

13. Richard Tavano, James Scott, Louis Tavano, and Jacktrade, LLC, knowingly and voluntarily agree to the entry of a Judgment of Forfeiture of the $1,334,212.31 in United States Currency to the United States.

14. Richard Tavano, James Scott, Louis Tavano, and Jacktrade, LLC, understand that the forfeiture of the $1,334,212.31 in United States Currency shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment, or any other penalty that may be imposed on Richard Tavano, James Scott, Louis Tavano, and Jacktrade, LLC, in addition to forfeiture.

15. Richard Tavano, James Scott, Louis Tavano, and Jacktrade, LLC, knowingly and voluntarily agree to the conditions set forth in this Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture as to Richard Tavano, James Scott, Louis Tavano, and Jacktrade, LLC, and Order ("Settlement Agreement").

16. Richard Tavano, James Scott, Louis Tavano, and Jacktrade, LLC, knowingly and voluntarily agree to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Homeland Security, the Department of the United States Treasury, their agencies, their agents, and their

employees from any claim made by Richard Tavano, James Scott, Louis Tavano, and Jacktrade, LLC, or any third party arising out of the facts and circumstances of this case.

17. Richard Tavano, James Scott, Louis Tavano, and Jacktrade, LLC, knowingly and voluntarily release and forever discharge the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Homeland Security, the Department of the United States Treasury, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Richard Tavano, James Scott, Louis Tavano, and Jacktrade, LLC, now have or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

18. Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

19. The Settlement Agreement contains the entire agreement between the parties.

20. Except as expressly stated in the Settlement Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Settlement Agreement.

21 The persons signing the Settlement Agreement warrant and represent that they have full authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Settlement Agreement.

22. This Settlement Agreement shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Settlement Agreement is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

23. Each party shall bear his or its own attorneys' fees, expenses, costs, and interest.

24. This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the $1,334,212.31 in United States Currency.

DATED: 2/28/12

WRIGHT, STANISH & WINKLER

RICHARD A. WRIGHT
Counsel for Louis Tavano and Jacktrade, LLC

DATED: 2/29/12

LOUIS TAVANO

DATED: 3-2-12

CHRISTIANSEN LAW OFFICE

PETER S. CHRISTIANSEN
Counsel for James Scott

DATED: 2-29-12

James Scott

DATED: 3-1-12

PITARO LAW OFFICE

THOMAS F. PITARO
Counsel for Richard Tavano

DATED: 2-29-12

RICHARD TAVANO

DATED:_____

DANIEL G. BOGDEN
UNITED STATES ATTORNEY

/s/
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
DATED: August 9, 2012

5

1  24. This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the $1,334,212.31 in United States Currency.

DATED: _____          DATED:_____

WRIGHT, STANISH & WINKLER                PITARO LAW OFFICE


_____          _____
RICHARD A. WRIGHT                        THOMAS F. PITARO
Counsel for Louis Tavano and Jacktrade, LLC   Counsel for Richard Tavano

DATED: _____          DATED: _____


_____          _____
LOUIS TAVANO                             RICHARD TAVANO

DATED: _____          DATED:  August 8, 2012

CHRISTIANSEN LAW OFFICE                  DANIEL G. BOGDEN
                                         UNITED STATES ATTORNEY

                                         /s/ DanielDHollingsworth
_____          _____
PETER S. CHRISTIANSEN                    DANIEL D. HOLLINGSWORTH
Counsel for James Scott                  Assistant United States Attorney

DATED:_____


_____
James Scott
                                         IT IS SO ORDERED:


                                         _____
                                         UNITED STATES DISTRICT JUDGE

                                         DATED:      August 9, 2012

5